S02A0592. PERUZZI v. THE STATE.
(567 SE2d 15)

THOMPSON, Justice.

Scott Peruzzi was charged with operating a water craft while under the influence of alcohol ("Boating Under the Influence," or BUI).[1] He challenged the constitutionality of OCGA § 52-7-25, which authorizes rangers employed by the Georgia Department of Natural Resources to make suspicionless stops of boats to check for required safety equipment and vehicle registration. Following a bench trial,

---

[1] See OCGA § 52-7-12.

Peruzzi was found guilty and he appealed. We uphold the constitutionality of the statute and affirm.

The record shows that on July 4, 2001, six rangers from the Georgia Department of Natural Resources (DNR) took three boats onto Lake Peachtree in Fayette County to conduct boat safety inspections. The rangers had been contacted by the Fayette County Marshal's Unit and asked to assist them in enforcing boat safety during the busy holiday. Sergeant Bice, the highest ranking ranger, informed the others that they were to conduct a mass inspection, ideally stopping every boat on Lake Peachtree and checking for proper registration and adequate safety equipment. All of the officers were in uniform, and their boats were clearly marked as law enforcement vessels.

During the afternoon, Ranger White ordered Peruzzi's boat to stop and pulled alongside to begin a safety inspection. At no time prior to stopping Peruzzi did any of the rangers have any suspicion whatsoever that Peruzzi was violating any law. Peruzzi complied with the rangers' instructions during the safety inspection, providing his registration, and exhibiting all of the required safety equipment.

In the course of the inspection, the rangers noticed an odor of alcohol associated with Peruzzi. Once the inspection was complete, the rangers removed Peruzzi from his vessel and began a field screening for BUI. They determined that he was intoxicated, formally placed him under arrest, and transported him to have his blood alcohol level checked.

Peruzzi asserts that OCGA § 52-7-25 authorizes DNR rangers to stop boats without any articulable suspicion of illegal activity, and is, therefore, an illegal seizure prohibited by the Fourth Amendment. More specifically, Peruzzi argues that the statute violates the limitations on searches without probable cause or reasonable suspicion outlined by the United States Supreme Court in *Delaware v. Prouse*, 440 U. S. 648, 654-655 (99 SC 1391, 59 LE2d 660) (1979). We disagree.

OCGA § 52-7-25 provides:

> (a) Any person empowered to enforce this article and any rule or regulation adopted pursuant hereto shall have the authority to stop and board any vessel subject to this article or any such regulation for the purpose of inspection or determining compliance with this article. . . .
> (b) An officer empowered to enforce this article shall have the power . . .
> (4) To board vessels in use, for purposes of examining any documents and safety equipment.

In *Prouse*, the United States Supreme Court stated that, "the

permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." Id. at 654. This Court has previously applied the *Prouse* balancing test to license and insurance inspection roadblocks and found it reasonable and not violative of the Fourth Amendment.[2] The same balancing test leads us to conclude that DNR rangers stopping boats for the purpose of safety inspections without any suspicion is reasonable and does not violate the Fourth Amendment.

The State certainly possesses an important interest in maintaining safe conditions for boaters on Georgia's lakes and rivers.[3] The procedure used by DNR rangers in this case was only minimally intrusive, as they merely asked boaters to stop their boats and show the necessary equipment and license to the inspectors. As the trial testimony shows, this process usually lasted no more than a few minutes and does not unreasonably invade any privacy interest.

Further, the rangers in this case were conducting safety checks in substantial accord with the five factors identified by this court in *Brent v. State*, 270 Ga. 160 (510 SE2d 14) (1998). The decision to conduct safety and registration inspections on Lake Peachtree during the holiday was made by the Fayette County Marshal, not the officers conducting the inspections. The rangers' goal was to "do safety checks of every boat on the lake," limiting their individual discretion in the process. The rangers were in uniform and in boats clearly marked as "DNR Law Enforcement." Unlike cars traveling upon a public road, boats on an open body of water such as Lake Peachtree originate from a large number of docks and launches and need not follow any particular path. A roadblock is clearly infeasible and the emphasis in this case is on the procedural aspects of the stop.

In passing, we note that in upholding the constitutionality of OCGA § 52-7-25, Georgia joins a growing list of states that recognize the legitimacy of suspicionless boat safety inspections and their minimal impact on the privacy of boaters. See *North Carolina v. Pike*, 139 N.C. App. 96 (532 SE2d 543) (2000); *Schenekl v. Texas*, 996 SW2d 305 (Tex. App. 1999); *Maine v. Giles*, 669 A2d 192 (1996).

---

[2] A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the screening officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication. *Brent v. State*, 270 Ga. 160, 161-162 (510 SE2d 14) (1998).

[3] In 1997, there were more than 302,000 boats registered in the state of Georgia. In that same year, there were 166 accidents (14 involving alcohol consumption) which produced 28 fatalities and 89 injuries on Georgia's lakes and rivers. DNR made 366 arrests for boating under the influence. See 15 Ga. St. U. L. Rev. 251 (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 2002.

*Ballard & Ballard, Scott L. Ballard,* for appellant.
*Steven L. Harris, Solicitor-General,* for appellee.